

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,364

### EX PARTE DAVID LAMAR TARBUTTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-1864-95-B IN THE 93RD DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of possession of child pornography and sentenced to ten years' imprisonment. He was also convicted of two counts of indecency with a child and one count of aggravated sexual assault and sentenced to imprisonment for ten, fifteen, and thirty years, respectively. The Thirteenth Court of Appeals affirmed his convictions. *Tarbutton v. State*, No. 13-98-00101-CR (Tex. App.–Corpus Christi 1999, no pet.).

Applicant contends, among other things, that he was denied his right to a unanimous jury verdict with respect to the aggravated sexual assault count and that appellate counsel failed to advise him of his right to file a petition for discretionary review *pro se.* The trial court made findings of fact and conclusions of law and recommended that we set aside the aggravated sexual assault count and grant Applicant an out-of-time petition for discretionary review with respect to the remaining counts.

We conclude that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-98-00101-CR that affirmed his convictions in Case No. CR-1864-95-B from the 93rd Judicial District Court of Hidalgo County. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). Applicant shall file his petition for discretionary review with the Thirteenth Court of Appeals within 30 days of the date on which this Court's mandate issues.

We decline to review the merits of Applicant's jury unanimity claim. This claim and his other claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997). Applicant may raise these claims in a second habeas application after he exhausts his right to file a petition for discretionary review.

Delivered: June 16, 2010
Do not publish